IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KLENTON T. MCLEMORE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-cv-208-RAH-CWB |
| | ) | |
| SCOTT H. MCLEMORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's initial case pleading, styled as *Independent Action to Set Aside Judgment/Order in Case No: 09-695CA Gulf County, Florida for Fraud on the Court in Accordance with Federal Rules of Civil Procedure 60(d)(3)* (doc. 1), filed on March 26, 2026. Though this case is in its infancy, given the Court's unflagging obligation to examine its own jurisdiction at all times, this case is due to be dismissed without prejudice.

## I. BACKGROUND

Plaintiff's pleading appears to ask this Court, under Federal Rule of Civil Procedure 60(d)(3), to set aside the judgment of the Circuit Court of Gulf County, Florida, relying on an assertion that the underlying judicial decision in that state court case was a result of fraud upon the state court. However, Plaintiff's pleading immediately thereafter contends that fraud was committed by the McLemore Trust Trustees and that the trust filed a declaratory-judgment petition in the District Court of Harris County, Texas, presumably upon the Texas court, which is the subject of a different independent action in the Middle Distrct of Alabama, No. 26-cv-162-BL-SMD. (*See* doc. 1 at 2.)

The underlying factual circumstances of Plaintiff's pleading details a dispute over a family trust that owned real property in Florida. In the Florida state court litigation, initiated on December 23, 2009, in Gulf County, Florida, Plaintiff raised several causes of action against the trustees, including: (1) Breach of Fiduciary Duty; (2) Fraud; (3) Unjust Enrichment; and (4) Constructive Trust. *See McLemore v. McLemore, et al.*, No. 09-695-CA (Fla. Gulf County Ct. Dec. 11, 2023); *see also id.* (Fla. Doc. 126.)[1] The trustees defended that lawsuit on the grounds that Plaintiff, also a trustee at the time, "knowingly, intelligently, and voluntarily relinquished his right to the trust property" to his brother, K. Legrant "Lee" McLemore. (*Id.*) After roughly four years of litigation in Florida state court, the court found that Plaintiff's 2001 transaction with his brother was "valid," that Plaintiff did in fact knowingly and voluntarily relinquish any rights formerly held in the trust, and that the rest of Plaintiff's claims were barred by the applicable statute of limitations. (*See id.* at 2–3.) On December 11, 2013, the Florida court issued a final judgment in favor of the remaining defendants. (Fla. Doc. 127.) Notably, on November 9, 2017, Plaintiff filed a 237-page *Motion to Set Aside Judge's Ruling and Request for New Hearing Based on Extrinsic Fraud* on the court (*see* Fla. Doc. 139), but subsequently withdrew the motion, without a ruling, on February 5, 2018, (*see* Fla. Doc. 143.) According to Plaintiff, he withdrew the motion based on the advice of newly retained legal counsel. (*See id.*) No appeal was pursued.

---

[1] Docket cites to the underlying Gulf County, Florida litigation will hereinafter be referred to as "Fla. Doc."

Plaintiff filed a subsequent lawsuit in the Circuit Court of Bay County, Florida, on August 19, 2019.[23] *See McLemore v. Barron & Redding*, *P.A., et al.*, No. 19-3132-CA (Fla. Bay County Ct. June 20, 2024). Plaintiff's amended complaint in Bay County, Florida, alleged a conspiracy between his attorneys, defense counsel, and the company that provided court reporting services in the Gulf County litigation, to withhold and destroy court transcripts in an effort to defraud and cause damage to Plaintiff following the decision in the Gulf County case. (2 Fla. Doc. Amended Complaint.) According to Plaintiff, the conspirators then fraudulently transferred the trust property to two Texas holding companies to avoid the issue from being tried in the Gulf County litigation. (*Id.* at 1–6.) Specifically, the amended complaint alleged two substantive counts against the defendants: (1) Fraud; and (2) Civil Conspiracy. (*Id.*) The Circuit Court for Bay County, Florida, issued a final judgment in favor of the defendants on June 20, 2024, dismissing Plaintiff's claim in whole, outlining Plaintiff's relentless effort to relitigate this identical matter in multiple courts, and warning the Plaintiff of potential sanctions under Florida's vexatious litigant law. (2 Fla. Final Judgment.) Plaintiff filed a notice of appeal to the Florida District Court of Appeals on July 1, 2024. (2 Fla. Notice of Appeal.) On March 26, 2025, the Florida District Court of Appeals affirmed the Circuit Court for Bay County, Florida. *See McLemore v. Barron & Redding*, *P.A., et al.*, 410 So. 3d 112 (Fla. Dist. Ct. App. 2025). Plaintiff had thirty (30) days to appeal to the Florida Supreme Court, but he did not do so. Despite the Florida trial court's admonition, the Bay County lawsuit

---

[2] Docket cites to the underlying Bay County, Florida litigation will hereinafter be referred to as "2 Fla. Doc."

[3] It appears that Plaintiff has filed, at the very least, eight (8) different actions and five (5) different appeals all relating to the underlying factual circumstances contained in this Order. (2 Fla. Doc. Final Judgment at 16–18); *see also McLemore v. McLemore*, No. 26-cv-162-BL-SMD (M.D. Ala. filed Mar. 12, 2026); *McLemore v. McLemore*, No. 26-cv-208-RAH-CWB (M.D. Ala. filed Mar. 26, 2026).

remains active due to Plaintiff's unwavering motions practice, which asserts fraud upon the court, seeks recusal and investigation into the presiding judge, and notifies the court of ongoing litigation in other forums, including this one.

## II.  DISCUSSION

Much of Plaintiff's instant case, though difficult to decipher, appears to ask this Court to review the actions and decisions of the Florida state courts, a request that is precluded by the *Rooker-Feldman* doctrine. *See Nicholson v. Shafe*, 558 F.3d 1266, 1267 (11th Cir. 2009) (stating that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments") (citing *Lance v. Dennis*, 546 U.S. 459 (2006)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine applies with full force to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements").

The Eleventh Circuit applies the *Rooker-Feldman* doctrine in two stages. *Velazquez v. South Florida Federal Credit Union*, 546 F. App'x 854, 856 (11th Cir. 2013). In the first stage, the question is whether the state court litigation is complete, as articulated by the Eleventh Circuit in *Nicholson*. *See Velazquez*, 546 F. App'x at 856 (citing *Nicholson*, 558 F.3d at 1274). The second question is whether the present federal action is "complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

To answer the first question, the *Nicholson* court stated that state court litigation is over:

> (1) When the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally

4

resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.

*Nicholson*, 558 F.3d at 1274 (internal quotation marks omitted).

Relevant here is the second prong of the *Nicholson* test. In *Velazquez*, the Eleventh Circuit found persuasive the reasoning of the First Circuit in *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005), stating, "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended." *Velazquez*, 546 F. App'x at 857 (quoting *Federacion*, 410 F.3d at 24).

In the instant case, Plaintiff appealed to the Florida District Court of Appeals on July 1, 2024, which affirmed on March 26, 2025. Since then, despite Plaintiff's thirty window to do so, Plaintiff did not seek discretionary review by the Florida Supreme Court. Though the state case is still open, and a hearing is scheduled for April 16, 2026, that hearing is purely for the purpose of determining whether Plaintiff will be labeled a vexatious litigant under Florida law. As far as Plaintiff's appellate rights go, they are time-barred, and the state proceeding has concluded for purposes of *Rooker-Feldman*. *See Ware v. Polk Cnty. Bd. of Cnty. Comm'rs*, 394 F. App'x 606, 609 (11th Cir. 2010) ("Because no appeal remained pending at the time Ware commenced this federal action, the state proceedings were ended for purposes of the *Rooker-Feldman* doctrine."); *see also Velazquez*, 546 F. App'x at 858 ("Concluding that state court proceedings ended despite the potential for parallel litigation does not run afoul of the Supreme Court's guidance in *Exxon Mobil*, and therefore, we proceed to the second stage in our *Rooker-Feldman* analysis.").

The second part of the *Rooker-Feldman* analysis asks whether the plaintiff is inviting the court's review and rejection of the state court's judgment. That is exactly what the Plaintiff asks the Court to do here. *See Velazquez*, 546 F. App'x at 858

("*Rooker-Feldman* may bar federal jurisdiction even where federal claims were not fully addressed by the state court so long as 'those [federal claims were] inextricably intertwined with the state court's judgment. *Rooker-Feldman* does not apply however, where a party did not have a reasonable opportunity to raise his federal claim in state proceedings.'") (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

Plaintiff's lawsuit here, whether construed as an independent action or as a Rule 60(d)(3) motion, raises nearly identical allegations of fraud and misrepresentation that were fully litigated, through appeal, in Plaintiff's Bay County, Florida case. Further, Plaintiff has filed at least four motions in the Bay County case alone, one of which was substantively denied, to set aside decisions of the state court based on fraud. And Plaintiff also filed a 237-page motion for fraud upon the Gulf County court, but subsequently withdrew that motion without ruling. Plaintiff had every opportunity to raise these claims in the Florida state court litigation—in fact, he did raise them—and, without doubt, they are inextricably intertwined with state court judgments from several courts, across several actions. Now, with the hope of a different outcome, Plaintiff invites this Court to review those judgments.

In *Velazquez*, the Eleventh Circuit addressed the intersection between the *Rooker-Feldman* doctrine and a purported "fraud-on-the-court exception[.]" 546 F. App'x at 859; *see also In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) ("There is, however, an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings. A federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, or mistake . . . ."). Though the Eleventh Circuit—noting that this Circuit does not recognize such an exception—abstained as to whether the Sixth Circuit's analysis was persuasive here, in an almost identical situation to this case, it found that an exception would not matter given that "Velazquez presented

evidence of fraud to Florida's Third District Court of Appeal, and that court was unconvinced by the evidence." *Id*. Here too, Plaintiff submitted his evidence of the alleged fraud to multiple courts, and his contentions have consistently been rejected. Accordingly, this Court lacks subject matter-jurisdiction over the case under the *Rooker-Feldman* doctrine and dismissal is appropriate, notwithstanding the likely res judicata and collateral estoppel hurdles that further support a finding that Plaintiff's claims are futile and barred.

Further, even in lieu of the *Rooker-Feldman* doctrine, Plaintiff's claims are not properly before this Court. A majority of circuits agree that the proper forum to raise a claim of fraud upon the court is "the court which allegedly was a victim of that fraud." *Weisman v. Charles E. Smith Management, Inc.*, 829 F.2d 511, 513 (4th Cir. 1987) (citing *Universal Oil Co. v. Root Refining Co.*, 328 U.S. 575, 580–81 (1946)); *see also Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2007) (noting a lack of authority "for the proposition that fraud on the court . . . allow[s] a collateral attack on a judgment . . . particularly considering that Fed. R. Civ. P. 60(b) provides for consideration of fraud on the court as grounds for a direct attack—i.e., obtaining relief from the court that issued the original judgment"); *MacArthur v. San Juan County*, 495 F.3d 1157, 1161 (10th Cir. 2007) ("[A] litigant may not raise a fraud on the court argument for the first time on appeal; rather the issue must first be presented to the court in which the alleged fraud was perpetrated."); *Taft v Donellan Jerome, Inc.* 407 F.2d 807, 809 (7th Cir. 1969); *Indian Head Nat. Bank of Nashua v. Brunelle*, 689 F.2d 245, 249–52 (1st Cir. 1982) (discussing two narrow exceptions to this general rule); *Tu Nguyen v. Bank of America, N.A.*, 516 F. App'x 332, 335 (5th Cir. 2013) ("The 'proper forum in which to assert that a party has perpetrated a "fraud on the court"' is the court which allegedly was a victim of that fraud."); *Followell v. Mills*, 317 F. App'x 501, 505 n. 1 (6th Cir. 2009); 7 Moore's Federal Practice (2d ed. 1968). This Court agrees with those courts and, as such,

7

Plaintiff should seek his requested relief in those courts upon which he claims there has been a fraud on the court.

## III.  CONCLUSION

For the reasons stated above, and good cause, it is **ORDERED** as follows:

1.  This case is **DISMISSED** without prejudice; and,

2.  The Clerk of Court is **DIRECTED** to close this case.

**DONE** on this the 3rd day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

8